**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 21-6613**

─────────────

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

NATHANIEL GRAHAM, a/k/a Nasty,

    Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Frank D. Whitney, District Judge.  (3:12-cr-00188-FDW-DSC-13)

─────────────

Submitted:  April 1, 2022            Decided:  April 20, 2022

─────────────

Before WYNN and DIAZ, Circuit Judges, and SHEDD, Senior Circuit Judge.

─────────────

Vacated and remanded by unpublished per curiam opinion.

─────────────

Nathaniel Graham, Appellant Pro Se.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Nathaniel Graham appeals the district court's order denying his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, Pub. L. No. 115-391, § 603(b)(1), 132 Stat. 5194, 5239. We vacate the district court's order and remand for further consideration.

We review a district court's ruling on a compassionate release motion for abuse of discretion. *United States v. Kibble*, 992 F.3d 326, 329 (4th Cir.), *cert. denied*, 142 S. Ct. 383 (2021). "In doing so, we ensure that the district court has not acted arbitrarily or irrationally, has followed the statutory requirements, and has conducted the necessary analysis for exercising its discretion." *United States v. High*, 997 F.3d 181, 185 (4th Cir. 2021).

When deciding whether to reduce a defendant's sentence under § 3582(c)(1)(A), a district court generally proceeds in three steps. *Id.* at 185-86. First, the court determines whether "extraordinary and compelling reasons" support a sentence reduction. 18 U.S.C. § 3582(c)(1)(A)(i); *High*, 997 F.3d at 185. Second, the court considers whether "a [sentence] reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A); *High*, 997 F.3d at 186. Third, if the court finds that extraordinary and compelling reasons warrant relief, the court must consider the 18 U.S.C. § 3553(a) sentencing factors "in deciding whether to exercise its discretion to reduce the defendant's term of imprisonment." *High*, 997 F.3d at 186; 18 U.S.C. § 3582(c)(1)(A).

2

"As of now, there is no Sentencing Commission policy statement 'applicable' to [a defendant's] compassionate-release motion[]," as opposed to such a motion brought by the Bureau of Prisons (BOP). *United States v. McCoy*, 981 F.3d 271, 283 (4th Cir. 2020). In denying Graham's motion for compassionate release, the district court concluded that Graham failed to show extraordinary and compelling reasons for release pursuant to U.S. Sentencing Guidelines Manual § 1B1.13, p.s. (2018). To be sure, USSG § 1B1.13, p.s., which applies to compassionate release motions filed by the BOP, "'remains helpful guidance even when motions are filed by defendants.'" *High*, 997 F.3d at 186 (quoting *McCoy*, 981 F.3d at 282 n.7). However, because district courts are presently "empowered to consider *any* extraordinary and compelling reason for release that a defendant might raise," *McCoy*, 981 F.3d at 284 (cleaned up), we conclude that the district court's narrow reliance on USSG § 1B1.13, p.s., improperly restricted its assessment of whether Graham's arguments presented extraordinary and compelling reasons.[*]

The district court also found that a balance of the § 3553(a) factors did not warrant granting relief. While there is no "categorical . . . requirement" that a district court explicitly address each of the defendant's arguments in support of his compassionate release motion, a court must nonetheless sufficiently explain the reasons for its decision in light of the circumstances of the particular case. *High*, 997 F.3d at 187-90 (internal quotation marks omitted). At bottom, the district court's explanation must "satisfy [this]

---

[*] We recognize that the district court did not have the benefit of our decision in *McCoy*.

court that it has *considered* the parties' arguments and has *a reasoned basis* for exercising its own legal decisionmaking authority, so as to allow for meaningful appellate review." *Id.* at 190 (cleaned up).

Here, although the district court addressed Graham's concerns regarding contracting COVID-19, the court failed to consider Graham's other arguments, including the poor prison conditions in which he lived, his relative youth when he was first incarcerated, his various rehabilitative efforts in prison, his family and community support, the alleged sentencing disparity between him and his codefendants, and his having had only one minor nonviolent infraction in prison. Indeed, in discussing the § 3553(a) factors, the district court failed to mention any postsentencing conduct. Instead, the district court discussed Graham's offense conduct and criminal history and the § 3553(a) factors that the court had emphasized during Graham's 2014 sentencing. We are therefore unable to conclude that the district court "considered" Graham's arguments in favor of compassionate release and had "a reasoned basis for" its decision to deny relief. *Id.* (cleaned up).

Accordingly, we vacate the district court's order and remand for further proceedings. We express no view as to the merits of Graham's compassionate release motion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*